## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUBEN RODRIGUEZ<br>1026 Josephine Drive<br>Temple, PA  19560 | : CIVIL ACTION – LAW<br>: NO.<br>:<br>: |
| Plaintiff | :<br>: |
| vs. | : *Electronically filed*<br>: |
| MUHLENBERG TOWNSHIP<br>210 George Street<br>Reading, PA  19605<br>AND<br>MUHLENBERG TOWNSHIP POLICE<br>DEPARTMENT<br>210 George Street<br>Reading, PA  19605 | :<br>:<br>:<br>:<br>:<br>: JURY TRIAL OF 12 DEMANDED<br>:<br>: |
| Defendants | :<br>: |

## COMPLAINT

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as the action arises under Title VII, 42 U.S.C. §2000e, *et seq*. and 42 U.S.C. §1981.  Plaintiff's Title VII Notice of Right to Sue letter was issued July 24, 2020 and is attached as Exhibit A and this Complaint was filed within 90 days of receipt of that Notice.  Plaintiff cross-filed this matter under the Pennsylvania Human Relations Act, 43 Pa.C.S. §951, *et seq.*, with the Pennsylvania Human Relations Commission and it has not been one year since that cross-filing.  Plaintiff seeks the Court to deem this action filed when one year has passed.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because they are so related to the federal claims that they form part of the same case.

2.   Venue is proper in the Eastern District of Pennsylvania because Defendants are located in this District.

## FACTUAL ALLEGATIONS

3.   Plaintiff Ruben Rodriguez is an adult male and Berks County resident living at 1026 Josephine Drive, Temple, PA 19560.

4.   Defendant Muhlenberg Township (hereinafter "Defendant MT"), with offices located at 210 George Street, Reading, PA  19605, is a municipality located in Berks County, Pennsylvania where Plaintiff worked.

5.   Defendant  Muhlenberg  Township  Police  Department  (hereinafter  "Defendant MTPD"), with offices located at 210 George Street, Reading, PA  19605, is a police department serving Muhlenberg Township at which Plaintiff worked.

6.   Plaintiff worked for Defendants for just under a year.

7.   Plaintiff is Hispanic (race), Brown (color), his national origin is Puerto Rico, and his ethnicity is Puerto Rican.

8.   Defendant MTPD fired Plaintiff shortly (one day) before his one-year anniversary.

9.   Per the Fraternal Order of Police Union contract with Defendant MTPD, Plaintiff would have been protected by a Fraternal Order of Police Union contract if he served one year.

10.   Plaintiff received no write-ups, bad reviews, or any warning whatsoever.

11.   Defendant MTPD  never let go in a  similarly-situated way police officers outside Plaintiff's protected classes in anywhere close to this fashion (one day before their one-year anniversary with no warning).

12.   Plaintiff's termination was as a result of race discrimination and retaliation.

13.   Plaintiff suffered a hostile work environment.

2

14.  There was serious discrimination (at least verbally) in this workplace from August 2019 onwards.

15.  Officers, both in squad meetings and outside them as individual or group settings, made derogatory comments about Puerto Ricans and Hispanics in general.

16.  They would say things like "It's got to be a PR" (Puerto Rican) in reference to when there was anything criminal involved, and the Puerto Ricans were "his people."

17.  Plaintiff was specifically called out for "knowing all the criminals."

18.  Plaintiff tolerated this commentary for fear of losing his job.

19.  As of January 2019, things got worse for Plaintiff.

20.  Somewhere between January 1, 2019 and January 4, 2019, Sgt. Joel Marino became Plaintiff's sergeant.

21.  Things changed for Plaintiff after Sgt. Marino took over Plaintiff's unit.

22.  Sgt. Marino was constantly picking on Plaintiff despite the huge load of work he assigned to Plaintiff.

23.  The other officers in the department noticed Sgt. Marino's obvious and apparent nitpicking on Plaintiff and told Plaintiff.

24.  In February, there was a particular discussion in the squad room (with officers and Sgt. Marino being present) in which various officers made racial comments ("it's always your people," "it's always the Puerto Ricans," "build a wall").

25.  Sgt. Marino approached Plaintiff afterwards and asked if Plaintiff was offended by anything that was said.

26.  Plaintiff replied that it did bother him, but asked Sgt. Marino to handle the situation as he saw fit as he (Plaintiff) didn't want to be viewed as complaining.

27. Subsequently, on two occasions, Plaintiff refused to cooperate with "setting up" two Hispanic officers, Officer Rile and Officer Carballo, with inaccurate charges.

28. As far as Officer Rile, Sgt. Marino asked Plaintiff to say in an event investigated by Plaintiff that Officer Rile asked Plaintiff to cover up for him so he wouldn't get in trouble.

29. Officer Rile did not ask Plaintiff to do this.

30. Plaintiff believes that Officer Rile was being targeted for termination.

31. Plaintiff believes that his refusal to falsely characterize what occurred contributed to his (Plaintiff's) eventual termination.

32. Similarly, Sgt. Marino came to Plaintiff about a claim that Officer Carballo was voluntarily acting in concert with gang members.

33. Sgt. Marino used Plaintiff as a translator with the 17-year-old gang member.

34. The gang member said that he had asked Officer Carballo to participate in a music video using Department-issued vehicles.

35. Sgt. Marino wanted Plaintiff to state that the gang member claimed that Officer Carballo was "involved in gang activity."

36. Plaintiff would not go along with the mischaracterization.

37. No one, to Plaintiff's knowledge, ever asked him about Sgt. Marino's attempt to set up Officer Carballo.

38. Shortly before Plaintiff was let go, Plaintiff was subpoenaed to testify on behalf of Officer Rile.

39. After Plaintiff was terminated, Plaintiff, pursuant to the subpoena, showed up to testify but was told he was not needed.

40. On or about April 23, 2019, Plaintiff was fired, one day before his one-year anniversary.

4

41. Plaintiff was given several pretexts for letting him go that Defendant MTPD already knew or that were extremely small issues or mischaracterizations.

42. Similarly-situated Caucasian officers who had issues were treated much more favorably than the Hispanic officers.

43. The incidents the Hispanic officers were accused of were small or trivial in comparison.

44. Defendant MTPD acted with malice or reckless indifference to Plaintiff's federally-protected rights.

45. At the time of his termination, Plaintiff was earning $25-$26 an hour (approximately $59,000/year) plus benefits.

46. At all relevant times, the Defendants did not act in good faith and the activity of terminating or failing to continue to employ Plaintiff was done in consultation with second-line supervisors or above.

47. Defendants' activity herein was not done pursuant to good-faith practices in anti-discrimination requiring Kolstad liability.

48. The Defendants' activities in letting Plaintiff go was done by second-line supervisors and above.

49. No similarly-situated members of other protected classes were treated in this fashion.

**COUNT I**

**PLAINTIFF v. DEFENDANT MUHLENBERG TOWNSHIP**

**VIOLATION OF TITLE VII -- DISCRIMINATION**

50. Plaintiff incorporates paragraphs 1 through 49 above as if set forth herein.

51. Plaintiff is in protected classes.

52. Plaintiff suffered adverse employment action(s) because of his race, ethnicity, national origin or color by Defendant MT and because he opposed and refused to participate in discrimination against other Hispanic employees.

53. There is a causal connection between the adverse employment action sustained by Plaintiff and his membership in a protected class.

54. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT II

### PLAINTIFF v. DEFENDANT MUHLENBERG TOWNSHIP

### VIOLATION OF TITLE VII – HOSTILE WORK ENVIRONMENT

55. Plaintiff incorporates paragraphs 1 through 54 above as if set forth herein.

56. Plaintiff is in protected classes.

57. Plaintiff suffered intentional discrimination in his work environment because of his race, ethnicity, national origin or color by Defendant MT.

58. The discrimination was severe or pervasive.

59. The discrimination detrimentally affected Plaintiff.

60. The discrimination would detrimentally affect a reasonable person of the same race, ethnicity, national origin or color as Plaintiff.

61. *Respondeat superior* liability exists.

62. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT III

### PLAINTIFF v. DEFENDANT MUHLENBERG TOWNSHIP

### VIOLATION OF TITLE VII -- RETALIATION

63. Plaintiff incorporates paragraphs 1 through 62 above as if set forth herein.

64. Plaintiff is in protected classes.

65. Plaintiff suffered adverse employment action(s) because he opposed and refused to participate in discrimination against other employees and he would not lie about fellow Hispanic officers' conduct and/or he was poised to testify on behalf of a fellow Hispanic officer under subpoena in the officer's termination proceeding.

66. Plaintiff has a good-faith, reasonable belief that his conduct was protected activity.

67. There is a causal connection between the adverse employment action sustained by Plaintiff and his activity herein.

68. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief

such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT IV

### PLAINTIFF v. DEFENDANT MUHLENBERG TOWNSHIP

### VIOLATION OF SECTION 1981 -- DISCRIMINATION

69.  Plaintiff incorporates paragraphs 1 through 68 above as if set forth herein.

70.  Plaintiff is in a protected class, Hispanic.

71.  Plaintiff suffered adverse employment action(s) because of his race by Defendant MT.

72.  There is a causal connection between the adverse employment action sustained by Plaintiff and his membership in the protected class.

73.  Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT V

### PLAINTIFF v. DEFENDANT MUHLENBERG TOWNSHIP

### VIOLATION OF SECTION 1981 – HOSTILE WORK ENVIRONMENT

74.  Plaintiff incorporates paragraphs 1 through 73 above as if set forth herein.

75. Plaintiff is in a protected class, Hispanic.

76. Plaintiff suffered intentional discrimination in his environment because of his race by Defendant MT.

77. The discrimination was severe or pervasive.

78. The discrimination detrimentally affected Plaintiff.

79. The discrimination would detrimentally affect a reasonable person of the same race as Plaintiff.

80. *Respondeat superior* liability exists.

81. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT VI

### PLAINTIFF v. DEFENDANT MUHLENBERG TOWNSHIP

### VIOLATION OF SECTION 1981 -- RETALIATION FOR OPPOSITIONAL AND/OR PARTICIPATORY CONDUCT

82. Plaintiff incorporates paragraphs 1 through 81 above as if set forth herein.

83. Plaintiff is in a protected class, race.

84. Plaintiff suffered adverse employment action(s) because he opposed and refused to participate in discrimination against other employees and he would not lie about fellow Hispanic

officers' conduct and/or he was poised to testify on behalf of a fellow Hispanic officer under subpoena in the officer's termination proceeding.

85.  Plaintiff has a good-faith, reasonable belief that his conduct was protected activity.

86.  There is a causal connection between the adverse employment action sustained by Plaintiff and his activity herein.

87.  Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT VII

## PLAINTIFF v. DEFENDANT MUHLENBERG TOWNSHIP

## VIOLATION OF FIRST AMENDMENT

88.  Plaintiff incorporates paragraphs 1 through 87 above as if set forth herein.

89.  Plaintiff is a United States citizen.

90.  Plaintiff suffered adverse employment action(s) because he refused to lie about the conduct of fellow Hispanic officers and/or was poised to testify on behalf of a fellow Hispanic police officer in his termination proceeding.

91.  Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief

such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT VIII

### PLAINTIFF v. DEFENDANT MUHLENBERG TOWNSHIP

### DISCRIMINATION

### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

92.   Plaintiff incorporates paragraphs 1 through 91 above as if set forth herein.

93.   Plaintiff is in protected classes.

94.   Plaintiff suffered adverse employment action(s) because of his race, ethnicity, national origin or color by Defendant MT.

95.   There is a causal connection between the adverse employment action sustained by Plaintiff and his membership in a protected class.

96.   Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

11

<h1 style="text-align:center">COUNT IX</h1>

**PLAINTIFF v. DEFENDANT MUHLENBERG TOWNSHIP**

**HOSTILE WORK ENVIRONMENT**

**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**

97.  Plaintiff incorporates paragraphs 1 through 96 above as if set forth herein.

98.  Plaintiff is in protected classes.

99.  Plaintiff suffered intentional discrimination in his environment because of his race, ethnicity, national origin or color by Defendant MT.

100.  The discrimination was severe or pervasive.

101.  The discrimination detrimentally affected Plaintiff.

102.  The discrimination would detrimentally affect a reasonable person of the same race, ethnicity, national origin or color as Plaintiff.

103.  *Respondeat superior* liability exists.

104.  Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT X

## PLAINTIFF v. DEFENDANT MUHLENBERG TOWNSHIP

## RETALIATION

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

105.  Plaintiff incorporates paragraphs 1 through 104 above as if set forth herein.

106.  Plaintiff is in protected classes.

107.  Plaintiff suffered adverse employment action(s) because he opposed and refused to participate in discrimination against other employees and he would not lie about fellow Hispanic officers' conduct and/or he was poised to testify on behalf of a fellow Hispanic officer under subpoena in the officer's termination proceeding.

108.  Plaintiff has a good-faith, reasonable belief that his conduct was protected activity.

109.  There is a causal connection between the adverse employment action sustained by Plaintiff and his activity herein.

110.  Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XII

### PLAINTIFF v. DEFENDANT MUHLENBERG
### TOWNSHIP POLICE DEPARTMENT

### VIOLATION OF TITLE VII -- DISCRIMINATION

111. Plaintiff incorporates paragraphs 1 through 110 above as if set forth herein.

112. Plaintiff is in protected classes.

113. Plaintiff suffered adverse employment action(s) because of his race, ethnicity, national origin or color by Defendant MTPD and because he opposed and refused to participate in discrimination against other Hispanic employees.

114. There is a causal connection between the adverse employment action sustained by Plaintiff and his membership in a protected class.

115. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XIII

### PLAINTIFF v. DEFENDANT MUHLENBERG
### TOWNSHIP POLICE DEPARTMENT

### VIOLATION OF TITLE VII – HOSTILE WORK ENVIRONMENT

116. Plaintiff incorporates paragraphs 1 through 115 above as if set forth herein.

117. Plaintiff is in protected classes.

118. Plaintiff suffered intentional discrimination in his environment because of his race, ethnicity, national origin or color by Defendant MTPD.

119. The discrimination was severe or pervasive.

120. The discrimination detrimentally affected Plaintiff.

121. The discrimination would detrimentally affect a reasonable person of the same race, ethnicity, national origin or color as Plaintiff.

122. *Respondeat superior* liability exists.

123. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XIV

### PLAINTIFF v. DEFENDANT MUHLENBERG TOWNSHIP POLICE DEPARTMENT

### VIOLATION OF TITLE VII -- RETALIATION

124. Plaintiff incorporates paragraphs 1 through 123 above as if set forth herein.

125. Plaintiff is in protected classes.

126. Plaintiff suffered adverse employment action(s) because he opposed and refused to participate in discrimination against other employees and he would not lie about fellow Hispanic officers' conduct and/or he was poised to testify on behalf of a fellow Hispanic officer under subpoena in the officer's termination proceeding.

127. Plaintiff has a good-faith, reasonable belief that his conduct was protected activity.

128. There is a causal connection between the adverse employment action sustained by Plaintiff and his activity herein.

129. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

### <u>COUNT XV</u>

### PLAINTIFF v. DEFENDANT MUHLENBERG
### TOWNSHIP POLICE DEPARTMENT

### <u>VIOLATION OF SECTION 1981 -- DISCRIMINATION</u>

130. Plaintiff incorporates paragraphs 1 through 129 above as if set forth herein.

131. Plaintiff is in a protected class, race.

132. Plaintiff suffered adverse employment action(s) because of his race by Defendant MTPD.

133. There is a causal connection between the adverse employment action sustained by Plaintiff and his membership in a protected class.

134. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5)

damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other

costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award

in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XVI

### PLAINTIFF v. DEFENDANT MUHLENBERG TOWNSHIP POLICE DEPARTMENT

### VIOLATION OF SECTION – HOSTILE WORK ENVIRONMENT

135.  Plaintiff incorporates paragraphs 1 through 134 above as if set forth herein.

136.  Plaintiff is in a protected class, race.

137.  Plaintiff suffered intentional discrimination in his environment because of his race by

Defendant MTPD.

138.  The discrimination was severe or pervasive.

139.  The discrimination detrimentally affected Plaintiff.

140.  The discrimination would detrimentally affect a reasonable person of the same race as

Plaintiff.

141.  *Respondeat superior* liability exists.

142.  Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or

other compensation denied or lost by such violation, including front wages; (2) equitable relief

such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5)

damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other

costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award

in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XVII

### PLAINTIFF v. DEFENDANT MUHLENBERG TOWNSHIP POLICE DEPARTMENT

### VIOLATION OF SECTION 1981 -- RETALIATION FOR OPPOSITIONAL AND/OR PARTICIPATORY CONDUCT

143. Plaintiff incorporates paragraphs 1 through 142 above as if set forth herein.

144. Plaintiff is in a protected class, race.

145. Plaintiff suffered adverse employment action(s) because he opposed and refused to participate in discrimination against other employees and he would not lie about fellow Hispanic officers' conduct and/or he was poised to testify on behalf of a fellow Hispanic officer under subpoena in the officer's termination proceeding.

146. Plaintiff has a good-faith, reasonable belief that his conduct was protected activity.

147. There is a causal connection between the adverse employment action sustained by Plaintiff and his activity herein.

148. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XVIII

### PLAINTIFF v. DEFENDANT MULHENBERG
### TOWNSHIP POLICE DEPARTMENT

### VIOLATION OF FIRST AMENDMENT

149. Plaintiff incorporates paragraphs 1 through 148 above as if set forth herein.

150. Plaintiff is a United States citizen.

151. Plaintiff suffered adverse employment action(s) because he refused to lie about the conduct of fellow Hispanic officers and/or was poised to testify on behalf of a fellow Hispanic police officer in his termination proceeding.

152. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XIX

### PLAINTIFF v. DEFENDANT MULHENBERG
### TOWNSHIP POLICE DEPARTMENT

### DISCRIMINATION

### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

153. Plaintiff incorporates paragraphs 1 through 152 above as if set forth herein.

154. Plaintiff is in protected classes.

155. Plaintiff suffered adverse employment action(s) because of his race, ethnicity, national origin or color by Defendant MTPD.

156. There is a causal connection between the adverse employment action sustained by Plaintiff and his membership in a protected class.

157. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT XX

### PLAINTIFF v. DEFENDANT MUHLENBERG TOWNSHIP POLICE DEPARTMENT

### HOSTILE WORK ENVIRONMENT

### <u>VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT</u>

158. Plaintiff incorporates paragraphs 1 through 157 above as if set forth herein.

159. Plaintiff is in protected classes.

160. Plaintiff suffered intentional discrimination in his environment because of his race, ethnicity, national origin or color by Defendant MTPD.

161. The discrimination was severe or pervasive.

162. The discrimination detrimentally affected Plaintiff.

163. The discrimination would detrimentally affect a reasonable person of the same race, ethnicity, national origin or color as Plaintiff.

164. *Respondeat superior* liability exists.

165. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XXI

### PLAINTIFF v. DEFENDANT MUHLENBERG
### TOWNSHIP POLICE DEPARTMENT

### RETALIATION

### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

166. Plaintiff incorporates paragraphs 1 through 165 above as if set forth herein.

167. Plaintiff is in protected classes.

168. Plaintiff suffered adverse employment action(s) because he would not lie about fellow Hispanic officers' conduct and/or he was poised to testify on behalf of a fellow Hispanic officer under subpoena in the officer's termination proceeding.

169. Plaintiff has a good-faith, reasonable belief that his conduct was protected activity.

170. There is a causal connection between the adverse employment action sustained by Plaintiff and his activity herein.

171. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief

such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

Respectfully submitted,

Date:  10/21/2020

BY: s/Edward C. Sweeney

Edward C. Sweeney, Esquire
Attorney for Plaintiff
I.D. No.  64565
211 Welsh Pool Road, Suite 236
Exton, PA  19341
(610) 594-1600
Validation of signature code: ECS1942

# EXHIBIT A

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Ruben Rodriguez<br>1026 Josephine Drive<br>Temple, PA 19560 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-02343 | Legal Unit,<br>Legal Technician | (267) 589-9700 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before** you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]* Jamie R. Williamson

**Jamie R. Williamson,**
**District Director**

July 24, 2020

*(Date Mailed)*

Enclosures(s)

cc:  | Michael Setley, Esq.<br>Solicitor<br>MUHLENBERG TOWNSHIP<br>4 Park Plaza<br>Wyomissing, PA 19610 | Edward C. Sweeney, Esq.<br>WUSINICH & SWEENEY, LLC<br>211 Welsh Pool Road<br>Suite 236<br>Exton, PA 19341 |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1026 Josephine Drive, Temple, PA 19560

Address of Defendant: 210 George Street, Reading, PA 19605

Place of Accident, Incident or Transaction: 210 George Street, Reading, PA 19605

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ] No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ] No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/20/2020 _____ 64565

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [ ] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [✓] 11. All other Federal Question Cases
  *(Please specify):* race disc., retaliation, hostile work environment

**B.** *Diversity Jurisdiction Cases:*

- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Edward C. Sweeney _____, counsel of record *or pro se plaintiff*, do hereby certify:

- [ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- [✓] Relief other than monetary damages is sought.

DATE: 10/20/2020 _____ 64565

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Ruben Rodriguez
1026 Josephine Drive, Temple, PA 19560

**(b)** County of Residence of First Listed Plaintiff   Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Edward C. Sweeney, Esq.
Wusinich & Sweeney, LLC
211 Welsh Pool Rd., Suite 236, Exton, PA 19341
610-594-1600

**DEFENDANTS**
Muhlenberg Township
210 George Street, Reading, PA 19605 and
Muhlenberg Twp. Police Department
210 George Street, Reading, PA 19605

County of Residence of First Listed Defendant   Berks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                             *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                                         Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, 42 U.S.C. §2000e, et seq. & 42 U.S.C. §1981

Brief description of cause:
Race discrimination, retaliation, hostile work environment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   10/20/2020                   SIGNATURE OF ATTORNEY OF RECORD   *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

RUBEN RODRIGUEZ                                    :          CIVIL ACTION
1026 Josephine Drive, Temple, PA   19560           :
                                                   :
                          v.                       :
                                                   :
MUHLENBERG TOWNSHIP                                 :
210 George Street, Reading, PA  19605  AND         :
MUHLENBERG TWP. POLICE DEPARTMENT                  :          NO.
210 George Street, Reading, PA  19605              :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)


10/21/2020                Edward C. Sweeney, Esquire      Plaintiff
**Date**                  **Attorney-at-law**            **Attorney for**

610-594-1600              610-594-6518                   esweeney@wspalaw.com

**Telephone**             **FAX Number**                 **E-Mail Address**


(Civ. 660) 10/02